VIOSCA, Justice.
In this suit plaintiff seeks judgment against the. Illinois Central Railroad in the sum of $2,700 for property damage caused by flood waters after a heavy rain which plaintiff alleges was due ,to the blocking of natural drainage by the railroad’s roadbed, to the. railroad’s failure to construct a drain under its roadbed ánd to its improper construction of a drain along its right of way contrary to grade.
Defendant denies that its roadbed in any way interferes with natural drainage. It alleges that no additional drain under its roadbed is necessary and that the artificial drain referred to by plaintiff was constructed by the public authorities and not by defendant. Defendant also filed a plea of prescription based upon the fact that plaintiff, in his original petition, filed within the prescriptive period, described the wrong property whereas the amended petition, which corrected the description, was not filed until after the prescriptive period had expired.
The district judge overruled the plea of prescription and after trial on the merits rendered judgment in favor of defendant.
The plaintiff bases his case on the well known principle of law that the proprietor of the estate situated below must receive the waters which run naturally from the e.state, situated above and that a railroad must so construct and maintain its roadbed that it will not obstruct or .in any manner retard or interfere with the natural drainage of the land above. LSA-Civil Code Article 660; LSA-R.S. 45:451; Bourdier v. Morgan’s L. & T. R. Co., 35 La.Ann. 947; Heath v. Texas and Pacific Railway Company, 37 La.Ann. 728; Kirk v. Kansas City, S. & G. Ry. Co., 51 La.Ann. 667, 25 So. 457.
The defendant does not dispute this principle of law. but contends that the facts of this case do not bring it within the rule.
Tn his written opinion the district judge found that on April 12, 1955, there was a heavy rain and flash flood in the Town of Kentwood of a kind which “happens one time in a generation and is the type of flood which no precaution and no act of *848 man could prevent.”[1] He further found that the railroad roadbed used by the defendant going through the Town of Kent-wood has been in its present location for approximately 100 years. He found that the natural drainage is in a southeasterly direction, which is almost parallel to the railroad roadbed and that the waters naturally find their way through a natural drain, over which the railroad constructed a trestle, in the southeast corner of the square on which plaintiff’s property is located. He found that about the year 1930 the Town of Kentwood constructed a large ditch in order to drain the northwest portion of the Town of Kentwood and that this artificial drain passed in front of plaintiff’s property on the opposite side of the street. At the point where this drainage ditch, going in an easterly direction, reaches the railroad’s right of way at a 90° angle it thence turns north and parallels the roadbed for approximately one quarter of a mile. There the water is drained into a ditch on the other side of the railroad through a culvert under the roadbed from which point it ultimately drains into the Tangipahoa River. This artificial ditch constructed by the Town of Kentwood was sufficiently large to require the installation of three box culverts each six feet by six feet, where it crosses Highway 51, and two box culverts each five feet by four feet, under the street at the corner of plaintiff’s house. At the point where this ditch reaches the railroad’s right of way no culvert was placed under the railroad’s roadbed because there is no drainage on the other side of the roadbed. The district judge further found that the construction of this artificial drainage ditch or canal was done with the collaboration of the public officials for the purpose of carrying the water away from the main portion of the town, and incidentally away from plaintiff’s property. It was not constructed by the railroad for the protection of its interests. lt was water from this artificial ditch which overflowed onto plaintiff’s property after the heavy rains and flash flood.
We have reviewed the record and find that it confirms the findings of fact made by the trial judge.
Since plaintiff has failed to prove any negligence on the part of defendant or that the loss sustained by plaintiff was caused by any act of commission or omission on the part of defendant, the district judge was correct in dismissing plaintiff's, suit.
For the reasons assigned the judgment of the district court is affirmed at appellant’s cost.

. We held defendants not responsible in cases of this kind in Holley v. Louisiana Ry. & Nav. Co., 184 La. 175, 165 So. 703; New Orleans & N. E. R. Co. v. Mc-Ewen & Murray, Ltd., 49 La.Ann. 1184, 22 So. 675, 38 L.R.A. 134; Richard v. Baldwin Lumber Co., Ltd., 142 La. 829, 77 So. 645.